**Nos. 16-1972[L], 17-1352, & 17-1353**

# United States Court of Appeals for the Fourth Circuit

BMG RIGHTS MANAGEMENT (US) LLC,

*Plaintiff – Appellee/Cross-Appellant,*

and

ROUND HILL MUSIC LP,

*Plaintiff – Appellee,*

*v.*

COX COMMUNICATIONS, INCORPORATED, and COXCOM, LLC,

*Defendants – Appellants/Cross-Appellees,*

and

COX ENTERPRISES, INC., COXCOM, INC., and JOHN DOE 2,

*Defendants.*

On Appeal from the United States District Court
for the Eastern District of Virginia,
No. 1:14-cv-01611 (Hon. Liam O'Grady)

## REPLY BRIEF FOR APPELLEE/CROSS-APPELLANT BMG

| | |
|---|---|
| WALTER D. KELLY, JR.<br>HAUSFELD, LLP<br>1700 K Street, Suite 650<br>Washington, DC 20006<br>(202) 540 7200 | MICHAEL J. ALLAN<br>WILLIAM G. PECAU<br>JOHN M. CARACAPPA<br>JEFFREY M. THEODORE<br>STEPTOE & JOHNSON, LLP<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036-1795<br>mallan@steptoe.com<br>(202) 429-6749 |
| SEPTEMBER 21, 2017 | *Counsel for Appellees/<br>Cross-Appellant* |

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __17-1352__     Caption: _BMG Rights Management (US) LLC v. Cox Communications, Inc._

Pursuant to FRAP 26.1 and Local Rule 26.1,

_BMG Rights Management (US) LLC_
(name of party/amicus)

who is ___appellee/cross-appellant___, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?  ☑ YES ☐ NO
   If yes, identify all parent corporations, including all generations of parent corporations:
   A German partnership limited by shares, Bertelsmann SE & Co. KGaA, is the ultimate parent company of BMG Rights Management (US) LLC. Bertelsmann, Inc. is the US corporate parent of BMG Rights Management (US) LLC. Audigram Songs, Inc., Rise Records, Inc., and BMG Production Music, Inc. are each corporate members of BMG Rights Management (US) LLC.

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO
   If yes, identify all such owners:

09/29/2016 SCC                                     - 1 -

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(a)(2)(B))? ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Michael J. Allan          Date: 9.21.17

Counsel for: BMG Rights Management (US) LLC

## CERTIFICATE OF SERVICE
**************************

I certify that on _____9.21.17_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

/s/ Michael J. Allan                          9.21.17
(signature)                                   (date)

- 2 -

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................2

I.  BY ITS PLAIN MEANING, THE "FULL COSTS" LANGUAGE OF SECTION 505 ENCOMPASSES NON-TAXABLE EXPENDITURES ................................................................................2

II. COX HAS NO GOOD EXPLANATION FOR WHY CONGRESS INCLUDED THE WORD "FULL" IN SECTION 505 ..................................7

III. AT A MINIMUM, SECTION 505 ENTITLES BMG TO RECOVER NON-TAXABLE LITIGATION EXPENSES OTHER THAN EXPERT FEES ........................................................................................9

CONCLUSION ....................................................................................................11

## TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*Alyeska Pipeline Service Co. v. Wilderness Society*,
    421 U.S. 240 (1975) ................................................................................... 9

*Arlington Central School District v. Murphy*,
    548 U.S. 291 (2006) ................................................................................... 4

*Artisan Contractors Association of America v. Frontier Insurance*,
    275 F.3d 1038 (11th Cir. 2001) ........................................................... 5, 10

*Bright v. Land O'Lakes*,
    844 F.2d 436 (7th Cir. 1988) ..................................................................... 5

*Clarity Software v. Financial Independence Group*, No. 2:12-CV-
    1609, 2016 WL 3083383 (W.D. Pa. May 31, 2016) ................................. 5

*Coles v. Wonder*,
    283 F.3d 798 (6th Cir. 2002) ................................................................... 10

*Crawford Fitting Co. v. J.T. Gibbons*,
    482 U.S. 437 (1987) .......................................................................... 3, 4, 5

*EnergyNorth Natural Gas v. Century Indemnity Co.*,
    No. 99-cv-049-JD, 2006 WL 6925849 (D.N.H. May 26, 2006) ............... 6

*ExperExchange v. Doculex*,
    No. C-08-03875 JCS, 2010 WL 1881484 (N.D. Cal. May 10,
    2010) ........................................................................................................... 5

*Gross v. FBL Financial Services*,
    557 U.S. 167 (2009) ................................................................................... 2

*Invessys v. McGraw-Hill Cos.*,
    369 F.3d 16 (1st Cir. 2004) ..................................................................... 10

*Joe Hand Promotions v. Scott's End Zone*,
    759 F. Supp. 2d 742 (D.S.C. 2010) ........................................................... 6

*Kingvision Pay-Per-View v. Autar*,
    426 F. Supp. 2d 59 (E.D.N.Y. 2007) ........................................................ 6

*Kourtis v. Cameron*,
   358 F. App'x 863 (9th Cir. 2009) ............................................................................4

*Lamie v. United States Trustee*,
   540 U.S. 526 (2004) .................................................................................2, 9

*Landgraf v. USI Film Products*,
   511 U.S. 244 (1994) ...................................................................................3

*Marx v. General Revenue Corp.*,
   568 U.S. 371 (2013) .................................................................................7, 8

*McClelland v. Hyundai Motor America*,
   851 F. Supp. 677 (E.D. Pa. 1994) .......................................................................6

*Morales v. Trans World Airlines*,
   504 U.S. 374 (1992) ..................................................................................8

*Oracle USA v. Rimini Street*,
   No. 2:10-CV-00106-LRH-PAL, 2016 WL 5213917 (D. Nev. Sep.
   21, 2016) ...........................................................................................5

*Perfect 10 v. Giganews*,
   No. CV 11-07098-AB, 2015 WL 1746484 (C.D. Cal. Mar. 24,
   2015) ...............................................................................................5

*Pinkham v. Camex*,
   84 F.3d 292 (8th Cir. 1996) ......................................................................5, 11

*Ronaldo Designer Jewelry v. Prinzo*,
   No. 5:14-cv-73-DCB-MTP, 2017 WL 3588806 (S.D. Miss. Aug.
   21, 2017) ...........................................................................................5

*Twentieth Century Fox Film Corp. v. Entertainment Distributing*,
   429 F.3d 869 (9th Cir. 2005) ...................................................................*passim*

*United States v. Menasche*,
   348 U.S. 528 (1955) ..................................................................................1

*Wakeen Doll Co. v. Ashton Drake Galleries*,
   272 F.3d 441 (7th Cir. 2001) .......................................................................10

*West Virginia University Hospitals v. Casey*,
　499 U.S. 83 (1991) ................................................................................3, 4, 9

*Wheeler v. Durham City Board of Education*,
　585 F.2d 618 (4th Cir. 1978) ..............................................................................10

**Statutes**

15 U.S.C. § 1692k(a)(3) ............................................................................7, 8

17 U.S.C. § 505 ..................................................................................*passim*

28 U.S.C. § 1821 .......................................................................1, 3, 4, 11

28 U.S.C. § 1920 ..................................................................................*passim*

42 U.S.C. § 1988 ..................................................................................................3

47 U.S.C. § 605(e)(3)(B)(iii) ................................................................................6

52 U.S.C. § 10310(e) ............................................................................................3

Copyright Act ..................................................................................*passim*

**Other Authorities**

*Merriam–Webster's Collegiate Dictionary* 505 (11th ed. 2003) ............................2

F.R.C.P. 54(d) ................................................................................................3, 8

## INTRODUCTION

The plain language of 17 U.S.C. § 505 permits recovery of non-taxable costs, including travel costs, expert witness fees, and legal research costs, as part of the "full costs" available under the statute. Cox's argument for interpreting "full costs" to mean only taxable costs available in all cases under 28 U.S.C. §§ 1821 and 1920 would deprive Congress's chosen words of their natural meaning and treat the term "full" as surplusage. That runs afoul of the "cardinal principle of statutory construction ... to save and not destroy" and violates the "duty to give effect, if possible, to every clause and word of a statute." *United States v. Menasche*, 348 U.S. 528, 538-39 (1955) (citations and internal quotation marks omitted).

Cox's authority regarding expert witness fees does not grapple with the "full costs" language of section 505. And Cox cites no authority whatsoever to support its view that other non-taxable expenses are unavailable. Every appellate decision to address the issue has held that non-taxable litigation expenses other than expert witness fees are compensable under section 505. This Court should not be the first to hold otherwise.

# ARGUMENT

## I. BY ITS PLAIN MEANING, THE "FULL COSTS" LANGUAGE OF SECTION 505 ENCOMPASSES NON-TAXABLE EXPENDITURES

Statutory interpretation "must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Gross v. FBL Financial Services*, 557 U.S. 167, 175-76 (2009) (citations and quotation marks omitted). Here, unusually among fee-shifting statutes, the Copyright Act permits an award of "full costs" and "a reasonable attorney's fee ... as part of the costs." 17 U.S.C. § 505. "Full" means "containing as much or as many as is possible or normal" and "lacking . . . qualification." *Merriam–Webster's Collegiate Dictionary* 505 (11th ed. 2003).

Courts must give effect to that meaning and "enforce [the statute] according to its terms." *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004). Thus, as the Ninth Circuit has recognized, "[c]onstruing § 505 as limiting the costs that may be awarded to any particular subset of taxable costs effectively reads the word 'full' out of the statute." *Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 885 (9th Cir. 2005).

Attempting to sidestep this difficulty, Cox argues that "costs" is a "term of art that is restricted to those categories set out in section 1920" and attempts to distinguish it from "litigation expenses," "attorney's fee[s]," and "expert fees." Cox Fees Response/Reply Br. at 43. This narrow construction of the term "costs"

- 2 -

runs afoul not only of section 505's use of the modifier "full" but also of the statute's express statement that "reasonable attorney's fee[s]" are "*part of* the costs." 17 U.S.C. § 505 (emphasis added). Cox's own Supreme Court case recognizes that "attorney's fees and expert fees" are "*elements* of litigation *cost*." *West Virginia University Hospitals v. Casey*, 499 U.S. 83, 88 (1991) (emphasis added). And section 505's use of the modifier "full" is "clear evidence of congressional intent" that the full panoply of "non-taxable costs should be available" to prevailing defendants. *Fox Film*, 429 F.3d at 885.

Cox's statutory examples actually contradict its claim that the term "costs" refers to something distinct from other elements of the cost of litigation, such as expenses and fees. Cox Fees Response/Reply Br. at 45-46. Only two of the five provisions Cox cites refer to "costs," and in both cases the statutory language describes fees and expenses as "part" of the costs, not a separate category. *See* 42 U.S.C. § 1988; 52 U.S.C. § 10310(e).[1]

Cox relies heavily on *Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437, 439 (1987), in which the Supreme Court held that the general language of Rule 54(d) does not supersede the enumeration of taxable costs in sections 1821 and

---

[1] Section 1988's explicit reference to "expert fees" was added by Congress in order to reverse the result of *Casey*, 499 U.S. at 83, in which the Supreme Court held that the provision's reference to attorneys' fees did not permit the award of expert fees. *See Landgraf v. USI Film Products*, 511 U.S. 244, 251 (1994).

- 3 -

1920. The Court found no "plain evidence of congressional intent to supersede those sections." *Id.* at 445. But here, Congress has enacted specific language in the Copyright Act expanding the recoverable amounts to include "full costs," including a "reasonable attorney's fee." That specific copyright rule plainly supersedes the limitations of section 1821 and 1920.

Likewise, *Casey*, 499 U.S. at 83, and *Arlington Central School District v. Murphy*, 548 U.S. 291 (2006), do not address the "full costs" language of section 505. On the contrary, *Casey* acknowledged that "expert fees" are "elements of litigation cost." 499 U.S. at 88. Section 505's reference to "full costs" therefore establishes that all elements of the cost of litigation are recoverable.

*Fox Film* addresses this point directly and holds that the "full costs" language reflects congressional intent to exceed the bounds of the taxable costs statutes. 429 F.3d at 885. But Cox has little to say about the Ninth Circuit's decision. Cox asserts that *Fox Film* is inapplicable to expert fees, Cox Fees Response/Reply Br. at 49, but that reading cannot be reconciled with the decision's application of the *Crawford Fitting* test. *Id.* And subsequent decisions by the Ninth Circuit and its district courts have interpreted *Fox Film* to apply to shifting of expert fees under section 505. *See Kourtis v. Cameron*, 358 F. App'x 863, 868 (9th Cir. 2009) ("The court's inclusion of an additional $37,850.00 to compensate Kassar's expert witness was not an abuse of discretion because non-taxable costs

may be included in the calculation of 'full costs' under 17 U.S.C. § 505."); *Perfect 10 v. Giganews*, No. CV 11-07098-AB, 2015 WL 1746484, at *6 (C.D. Cal. Mar. 24, 2015); *ExperExchange v. Doculex*, No. C-08-03875 JCS, 2010 WL 1881484, at *12 (N.D. Cal. May 10, 2010); *Oracle USA v. Rimini Street*, No. 2:10-CV-00106-LRH-PAL, 2016 WL 5213917, at *11 (D. Nev. Sep. 21, 2016).

By contrast, Cox's appellate authority consists of two *per curiam* decisions that offer no justification for writing the word "full" out of section 505. In *Pinkham v. Camex*, 84 F.3d 292, 295 (8th Cir. 1996), the Eighth Circuit relied on the bare assertion that "full costs" is not evidence of the congressional intent required under *Crawford Fitting*. And in *Artisan Contractors Association of America v. Frontier Insurance*, 275 F.3d 1038, 1039-40 (11th Cir. 2001), the Eleventh Circuit simply followed *Pinkham*'s holding. Neither court addressed its duty to "give every word in a statute meaning." *Fox Film*, 429 F.3d at 885.[2]

Section 505 is not the only statute in which Congress has used "full" or a similar modifier in front of "costs." Courts have held that those statutes extend to non-taxable costs. For example, in *Bright v. Land O'Lakes*, 844 F.2d 436, 444 (7th

---

[2] *See also Ronaldo Designer Jewelry v. Prinzo*, No. 5:14-cv-73-DCB-MTP, 2017 WL 3588806, at *7 (S.D. Miss. Aug. 21, 2017) (awarding non-taxable costs under section 505); Clarity Software v. Financial Independence Group, No. 2:12-CV-1609, 2016 WL 3083383, at *7 (W.D. Pa. May 31, 2016) (recognizing the need to avoid "surplusage" and holding that "Section 505 authorizes the award of a broader sweep of costs to a prevailing party than does Section 1920.").

Cir. 1988), the Seventh Circuit upheld an award of expert witness fees under the Wisconsin Fair Dealership Law, which provides for the recovery of "actual costs." And multiple district courts have held that section 1920 does not limit the scope of costs recoverable under 47 U.S.C. § 605(e)(3)(B)(iii), which authorizes recovery of "full costs." *See Kingvision Pay-Per-View v. Autar*, 426 F. Supp. 2d 59, 67 (E.D.N.Y. 2007) ("Therefore, the 'full costs' permitted under § 605(e)(3)(B)(iii) both differ from, and can exceed, the 'taxable costs' recoverable under 28 U.S.C. § 1920."); *Joe Hand Promotions v. Scott's End Zone*, 759 F. Supp. 2d 742, 751 (D.S.C. 2010).

As one court has observed, "where 'costs' has been construed to encompass expert witness fees, the term generally has not appeared in isolation, but preceded by a modifier such as 'all,' which serves to broaden its scope." *EnergyNorth Natural Gas v. Century Indemnity Co.*, No. 99-cv-049-JD, 2006 WL 6925849, at *2 (D.N.H. May 26, 2006); *see also McClelland v. Hyundai Motor America*, 851 F. Supp. 677, 679 n.3 (E.D. Pa. 1994) (awarding fees under Pennsylvania's Lemon Law, which provided for the recovery of "all court costs" because "the witness fee limits of Section 1821 do not apply if 'otherwise provided by law.'").

## II. COX HAS NO GOOD EXPLANATION FOR WHY CONGRESS INCLUDED THE WORD "FULL" IN SECTION 505

Cox has little to say about why Congress might have used the word "full" if not to allow recovery of the entire costs of litigation. It asserts without citation that the term "refers to the *amount* of costs, not the categories of items that qualify." Cox Fees Response/Reply Br. at 43. But this will not resolve the problem of surplusage. A party may recover the entire amount of taxable costs that it incurs in litigation regardless of section 505's use of the term "full." For the word "full" to have meaning, it must refer to additional categories of costs.

Presumably aware of this point, Cox spends most of its effort attacking the canon against surplusage via an extended discussion of *Marx v. General Revenue Corp.*, 568 U.S. 371 (2013). But *Marx* involved a statute for which there was no way to avoid surplusage. The Court found the canon against surplusage inapplicable because "no interpretation" of the statute at issue could "give[]effect to every clause and word" of the statute. *Id.* at 385. Without a "competing interpretation" that eliminated any surplusage, the canon could be of no "assist[ance]." *Id.* Here, the interpretation of section 505 adopted by the Ninth Circuit in *Fox Film* eliminates any surplusage and is therefore preferred.

Moreover, the arguments at issue here and in *Marx* are very different. *Marx* addressed 15 U.S.C. § 1692k(a)(3), which provides for an award of attorneys' fees and costs where an action has been brought in bad faith. The respondents sought

- 7 -

to draw a negative inference by which the reference to costs in the context of bad faith impliedly repealed the general rule by which district courts have discretion to award taxable costs under Rule 54(d). *Marx*, 568 U.S. at 380-83. Rejecting this argument, the Supreme Court held that section 1692k was simply a more specific rule governing "one type of case" (involving bad faith). *Id*. at 387. Where the specific rule was inapplicable, as in *Marx*, the background rule continued to apply. *Id*.

Here, by contrast, there is no question of a negative inference or of making section 1920 inapplicable. The Parties do not dispute that the district court rightly awarded taxable costs under that provision. And unlike *Marx*, this case falls within the ambit of the more specific provision – section 505. "[I]t is a commonplace of statutory construction that the specific governs the general." *Morales v. Trans World Airlines*, 504 U.S. 374, 384 (1992). Because this is a copyright case and section 505's "full costs" language applies, BMG is entitled to non-taxable costs as well.

Finally, Cox asserts that "full costs" must be understood to include only taxable costs because it "would have made no sense for Congress" to do otherwise in light of its then "recent[]" effort to standardize costs. Cox Fees Response/Reply Br. at 52-53. However, Cox's inference is based on a mangling of the chronology of the relevant statutes. The 1870 "full costs" language in the Copyright Act *pre-*

*dates* the 1873 Act that Cox cites as the standardizing effort that Congress must not have intended to undermine. *Id*.

In fact, Congress's initial standardization effort occurred almost two decades earlier, in 1853. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 251-53 (1975). And since then, Congress has made a long series of exceptions via "specific and explicit provisions ... under selected statutes granting or protecting various federal rights." *Id.* at 260 & n.33. Cox may contend that Congress's decision to allow recovery of "full costs" in the Copyright Act rather than the taxable costs listed in section 1920 does not make "sense," but Congress apparently thought differently. It is not the job of this Court "to rescue Congress from its [supposed] errors, and to provide for what [Cox] might think is the preferred result." *Lamie*, 540 U.S. at 542 (citation, alteration and quotation marks omitted).

### III. AT A MINIMUM, SECTION 505 ENTITLES BMG TO RECOVER NON-TAXABLE LITIGATION EXPENSES OTHER THAN EXPERT FEES

Cox's own authority shows that BMG is entitled to non-taxable expenses other than expert witness fees under section 505. *Casey*, on which Cox heavily relies, distinguished expert fees from other costs of litigation that traditionally were part of the attorney's fee and that can be shifted even absent the "full costs" language of section 505. 499 U.S. at 99-100. And, as Cox acknowledges, this

- 9 -

Court has found recovery of non-taxable expenses such as "supplemental secretarial costs, copying, telephone costs, and necessary travel" are compensable in light of statutory language permitting the recovery of "a reasonable attorney's fee as part of the costs." *Wheeler v. Durham City Board of Education*, 585 F.2d 618, 623-24 (4th Cir. 1978) (applying the pre-amendment version of 42 U.S.C. § 1988).

Meanwhile, a series of appellate decision in addition to *Fox Film* have held that non-taxable expenses are recoverable under section 505. *See Coles v. Wonder*, 283 F.3d 798, 803-04 (6th Cir. 2002) (affirming award of "$14,172.34 in non-taxable costs"); *Wakeen Doll Co. v. Ashton Drake Galleries*, 272 F.3d 441, 458 (7th Cir. 2001) (holding that "non-taxable costs must come through" section 505); *Invessys v. McGraw-Hill Cos.*, 369 F.3d 16, 22 (1st Cir. 2004) (computer assisted research costs compensable under section 505). Cox argues that their holdings do not extend to expert witness fees. Cox Fees Response/Reply Br. at 49. But it does not seriously dispute that they stand for the proposition that other non-taxable expenses may be awarded under the Copyright Act.

There is no contrary appellate authority interpreting section 505. Cox's cases address only expert witness fees, not other non-taxable expenses. *See Artisan Contractors*, 275 F.3d at 1039 ("The question in this appeal is whether the 'full cost' language of § 505 permits the recovery of expert witness fees ....");

*Pinkham*, 84 F.3d at 293 ("Pinkham cross-appeals from the order deny expert witness fees in excess of the statutory amount under 28 U.S.C. § 1821."). The Court should not create a circuit split on this issue. By its plain language, the Copyright Act's reference to "full costs" permits reimbursement of costs beyond those identified in sections 1920 and 1821.

## CONCLUSION

For the foregoing reasons, the Court should vacate the portion of the district court's decision denying BMG recovery of its non-taxable expenses and remand for further proceedings on that issue alone.

Dated: September 21, 2017

Respectfully Submitted,

  /s/ Michael J. Allan
Michael J. Allan
William G. Pecau
Jeffrey M. Theodore
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Tel: (202) 429-3000
Fax: (202) 429-3902

Walter D. Kelly, Jr.
HAUSFELD, LLP
1700 K Street, Suite 650
Washington, DC 20006
(202) 540 7200

*Attorneys for Plaintiff-Appellee/Cross-Appellant*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rules of Appellate Procedure 28.1(e)(2)(B) because it contains 2,480 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).  This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced type face using Word 2010 in Times New Roman 14 point font.

      /s/ Michael J. Allan
Michael J. Allan
Steptoe & Johnson LLP

Attorney for Plaintiff-Appellee/Cross-Appellant

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing brief with the Clerk of the United States Court of Appeals for the Fourth Circuit via the CM/ECF system, thereby electronically serving all counsel of record, on September 21, 2017.

      /s/ Michael J. Allan
Michael J. Allan
Steptoe & Johnson LLP

Attorney for Plaintiff-Appellee/Cross-Appellant